BENJAMIN B. WAGNER
United States Attorney
DEBORAH LEE STACHEL
Acting Regional Chief Counsel, Region IX
Social Security Administration
CAROLYN B. CHEN, CSBN 256628
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8956
    Facsimile: (415) 744-0134
    E-Mail: Carolyn.Chen@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| JARMAN YACOUB,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:14-CV-00884-SKO<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND NINE HUNDRED FIFTY-ONE DOLLARS AND NINETY-EIGHT CENTS ($7,951.98) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the

1  fees are subject to any offset allowed under the United States Department of the Treasury's
2  Offset Program.  After the order for EAJA fees is entered, the government will determine
3  whether they are subject to any offset.

4  Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Kelsey Mackenzie Brown pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel, including Kelsey Mackenzie Brown, may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or Mackenzie Legal to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: June 24, 2016         By: /s/ Carolyn B. Chen for Kelsey Mackenzie Brown*
                             (As authorized by email on 6/23/2016)
                             KELSEY MACKENZIE BROWN
                             MACKENZIE LEGAL, PLLC
                             Attorneys for Plaintiff

                             BENJAMIN B. WAGNER
                             United States Attorney
                             DEBORAH LEE STACHEL
                             Acting Regional Chief Counsel, Region IX
                             Social Security Administration

Dated: June 24, 2016    By:  /s/ Carolyn B. Chen
                             CAROLYN B. CHEN
                             Special Assistant United States Attorney
                             Attorneys for Defendant

**ORDER**

Based on the above "Stipulation and Order Approving Settlement of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)" (Doc. 31), IT IS ORDERED that Plaintiff shall be awarded attorney's fees in the amount of SEVEN THOUSAND NINE HUNDRED FIFTY-ONE DOLLARS AND NINETY-EIGHT CENTS ($7,951.98), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Attorneys Fees and Expenses Under the Equal Access to Justice Act" (Doc. 27) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **June 27, 2016**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE